**IN THE UNITED STATES OF DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

**Date:    May 4, 2007**

Courtroom Deputy: Ginny Kramer
Court Reporter:   Suzanne Claar
Probation Officer: Tom Destito

**Criminal Case No.  06-cr-00215-REB**

UNITED STATES OF AMERICA,                                        James Boma

v.

AARON JAMES ABNEY,                                               Robert Pepin
        Defendant.

**SENTENCING MINUTES**

**2:35 p.m.    Court in session.**

The Defendant is present in Court (in custody).

Court's opening remarks.

Pursuant to 18 U.S.C. § 3352 and F.R.Cr.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the defendant informs the Court that he has read and discussed the presentence report with the defendant.

Defendant's counsel made a statement on behalf of the defendant, offered information in mitigation of his  punishment and commented on the probation officer's determinations and other matters affecting sentence.

The Defendant is sworn.

Statement to the court by the defendant.

Statement to the court by the government.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offense for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. § 3551.
4. The presentence report and addendum.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a)(2).
7. The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It was ordered as follows:**

1. That the plea agreement of the parties as stipulated in Court's Exhibits 1 and 2 is formally approved.

2. That the Government's Motion for Decrease for Acceptance of Responsibility [#34], filed May 1, 2007, is **granted**. That the Government's Motion to Reduce Sentence [#35], filed May 1, 2007, is **granted**.

3. That judgment of conviction under Fed.R.Crim.P 32(k) is entered on Counts One and Two of the Indictment.

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term **of One Hundred Twenty (120) months as to Count 1 and to a term of One Hundred Twenty (120) months as to Count 2, to be served concurrently**.

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **Five (5) years** as to Count 1 and to a term of **Three (3) years on Count 2, to be served concurrently**; provided furthermore, that within 72 hours of his release from imprisonment and the custody of the Bureau of Prisons, the defendant

shall report in person to the probation department within the district to which he is released.

6. That while on supervised release, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. §3583(d) and USSG §5D1.3(a).

7. That while on supervised release, the defendant shall comply with all standard conditions of supervised release in effect throughout this district as imposed by the court.

8. That while on supervised release, the defendant shall comply with the following explicit or special conditions of supervised release:

   • that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where he may be during the term of his supervised release;

   • that the defendant shall not possess or use illegally controlled substances;

   • that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

   • that the defendant shall cooperate in the collection of a sample of his DNA;

   • that defendant shall submit to one drug test within fifteen days from his release from prison, as directed by the probation department, and thereafter, to a least two periodic tests for the use of controlled substances as directed and determined by the court;

   • that the defendant shall undergo an alcohol and substance abuse evaluation, and thereafter, receive any treatment, therapy, counseling, testing, or education prescribed by the evaluation, or as directed by the probation department, or as ordered by the court; and

   • that the defendant shall abstain from the use of alcohol, controlled substances and other intoxicants during the course of any such treatment, therapy, counseling, testing, or education;

9. That no fine is imposed.

10. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count, for a total of $200.00.

11. That the mandatory drug-testing provisions of 18 U.S.C. § 3583(d) are imposed.

12. That presentence confinement shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585.

13. That the court recommends that the Bureau of Prisons place the defendant in a correctional facility where he can participate in the Bureau of Prisons RDAP program.

**3:05 p.m    Court in recess.**

*Total in court time: 00:30 minutes  - Hearing concluded*